HAMLIN, Justice
(dissenting).
I respectfully dissent from the majority opinion on rehearing in this matter for the reasons expressed in the original opinion of this Court, of which I was the author. October S, 1960, and for the further reasons hereinafter set forth.
I have searched for and have been unable to find any provision of our law relating specifically to the prescription of the privilege granted a widow under Article 3252 of the LSA-Civil Code.
Article 21 of the LSA-Civil Code provides as follows:
“In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.” (Emphasis mine.)
Reason dictates that a widow is able to decide immediately after the death of her husband whether she is in necessitous circumstances and will thereby feel the pinch of poverty; she should be able to decide within three months whether or not she will claim the privilege granted to her under Article 3252, supra. Justice demands that she should require recognition of her privilege within the same time as the Civil Code provides for the demand for separation of patrimony. She should not be permitted to hold a sword over the estate of her deceased husband for an unreasonable length of time and thereby subject many titles to real property to question.
Try as I will, I cannot perceive why title examiners should be compelled in many cases to require affidavits to the effect that the “widow’s thousand” has been satisfied before finally passing upon the merchantability of a title. Property owners have enough burdens without adding this additional one to their travail.